UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**
**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O.  Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)

*Counsel to Debtor and Debtor-In-Possession*

| | |
|---|---|
| In re: | Chapter: 11 |
| FLAGSHIP RESORT DEVELOPMENT CORPORATION,[1] | Case No.: 25-15047 (JNP) |
| Debtor. | |

## DEBTOR'S OBJECTION TO THE LAWSUIT PLAINTIFFS': (I) MOTION FOR CLARIFICATION/RECONSIDERATION OF THE SALE ORDER APPROVING THE ASSET PURCHASE AGREEMENT, AND (II) ORDER TO SHOW CAUSE SEEKING TEMPORARY RESTRAINTS

Flagship Resort Development Corporation, the above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Lawsuit Plaintiffs' Motion for (I) Clarification of the Order (A) Authorizing the Debtor to Enter Into an Asset Purchase Agreement, (B) Approving the Asset Purchase Agreement, and (C) Authorizing the Assumption and Assignment of the Assumed Contract ("Sale Order") or in the Alternative, (II) Reconsideration of the Sale Order* [Docket No. 333] (the "Motion")[2] and the *Lawsuit Plaintiffs' Order to Show Cause Seeking Temporary*

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Flagship Resort Development Corporation, a New Jersey corporation (1067). The location of the Debtor's service address is: 60 North Maine Avenue Atlantic City, NJ 08401.

[2] Defined terms used but not defined herein shall have the meanings ascribed to them in the Motion.

10016119

*Restraints on the Lawsuit Plaintiffs' Complaint for Injunctive Relief to Stay Closing of Sale* [Adv. Pro. Case No. 25-15047, Docket No. 1] (the "Complaint").[3]  In support of this Objection, the Debtor respectfully represents as follows:

## PRELIMINARY STATEMENT

The Lawsuit Plaintiff's Motion to reconsider the Sale Order is late.  It is brought nearly sixty (60) days after entry of the Sale Order and ninety (90) days since the Debtor first docketed the Proposed Sale Order for all stakeholders to see.  The Motion therefore fails procedurally and should be denied on those grounds alone.  The Sale Order—and its findings—are thus entitled to res judicata.

Further, the Lawsuit Plaintiffs cannot meet the standard for a motion for a new trial under Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or Rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules").  This is because the Motion is not a genuine request for clarification or for a new trial on one of the enumerated grounds set forth in Federal Rule 60.  Rather, it is an attempt to litigate issues that could have—but never were—raised at the time of the Sale Hearing or via timely appeal.[4]

The Lawsuit Plaintiffs have been active participants in the bankruptcy case, received proper notice of the Sale and all hearings related thereto, and had ample opportunity to be heard.  But the Lawsuit Plaintiffs did not exercise any rights they had to object to the provisions of Sale Order, to

---

[3] The Complaint seeks injunctive relief, pursuant to section 105(a) of the Bankruptcy Code, staying the closing of the Sale Transaction until the Motion has been fully adjudicated.  The Debtor believes that this is, or will be, moot following the hearing on the Motion.  In any case, Federal Rule 60(c)(2) provides that a motion brought under Federal Rule 60 does not affect the judgment's finality or suspend its operations. Therefore, the Debtor believes that injunctive relief is inappropriate and reserves its rights to respond to the Complaint.

[4] The Debtor submits that the Motion is both procedurally and equitably improper.  Therefore, the Court should decline to address the merits in the Motion.  Should the Court nevertheless determine it is prudent to address the applicability of Section 363(o) of the Bankruptcy Code, the Debtor reserves its rights to supplement its briefing.

10016119

move for reconsideration of the Sale Order, or to appeal the Sale Order.  The Lawsuit Plaintiffs should be estopped from objecting to the Sale Order now, on the precipice of the closing of the Sale, and following the Court's confirmation of the Debtor's Plan [Docket No. 345], which has the Sale as its centerpiece.

## BACKGROUND

1.     On May 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 the Bankruptcy Code thereby commencing this bankruptcy case (the "Bankruptcy Case").

2.     That same day, the Debtor filed the First Day Declaration of its CFO, Cherie Parks [Docket No. 16] (the "Parks Declaration").  In the Parks Declaration, the Debtor's CFO stated the following:

> The Debtor's exposure to the Palmer plaintiffs, and even to the additional 10 Castellanos plaintiffs might not, standing alone, necessitate the filing of this Chapter 11 Case.  However, on April 27, 2023, counsel of record for the Plaintiffs in the Palmer litigation brought a putative class action before the Superior Court of New Jersey, captioned, Michael Lantych, Sherman and Dorothy Norman vs. Flagship Resort Development Corporation, et al, Docket No. ATL-L-00379-23, alleging some of the same types of claims upon which the Palmer Court had entered judgment, but this time on behalf of as many as 10,000 class members, and alleging damages exceeding $100 million. On July 23, 2024, the court certified the class, with Michael Lantych, Sherman Norman, and Dorothy Norman, the lead plaintiffs, named as the Class Action Representatives.
>
> Given [among other enumerated items] the potential costs of defending a lengthy class action proceeding, not to mention the risk of an adverse judgment therein, the Debtors were forced to seek Chapter 11 relief.

Parks Decl. ¶¶ 38-39.

10016119

3.       On May 12, 2025, the Debtor filed the *Debtor's Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Approving Stalking Horse Purchase Agreement, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, (E) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases; and (F) Granting Related Relief and (II)(A) Authorizing the Debtor to Enter Into an Asset Purchase Agreement, (B) Approving the Asset Purchase Agreement, and (C) Authorizing the Assumption and Assignment of the Assumed Contracts* [Docket No. 13] (the "Bid Procedures Motion").

4.       On that same day, service of all first day papers, including the Bid Procedures Motion, was effectuated on (i) the Law Office of David C. Ricci, LLC, counsel of record to the Palmer Plaintiffs; (ii) Philip D. Berger, Esq., counsel of record to the Palmer Plaintiffs; and (iii) Flitter Millz PC, counsel of record to the Castellanos Plaintiffs and the Lantych Plaintiffs. *See* Docket No. 35.

5.       Also on that same day, May 12, 2025, just two days following the Petition Date, counsel of record to the Lawsuit Plaintiffs (who filed the present Motion) filed a Notice of Appearance and request for service of all documents. *See* Docket Nos. 26, 30.

6.       On May 30, 2025, the Office of the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee"), which included Michael Lantych, one of the named Lawsuit Plaintiffs, as a member. *See* Docket No. 86. The same attorneys representing the Lawsuit Plaintiffs in connection with the instant Motion and Adversary Complaint, *i.e.*, Schroeter Goldmark & Bender, represented Lawsuit Plaintiff Michael Lantych in connection with his service on the Committee.

10016119

7.      On June 13, 2025, the Court entered an order approving the Bid Procedures Motion [Docket No. 125] (the "Bid Procedures Order").

8.      On June 30, 2025, in accordance with the Bid Procedures Order, the Debtor filed a proposed order approving the sale of the Debtor's assets [Docket No. 171] (the "Proposed Sale Order").  The Proposed Sale Order included the relevant provisions of the Sale Order the Lawsuit Plaintiffs highlighted in ¶¶ 12, 13, and 15 of their Motion.  The Debtor did not receive any formal or informal objections to the Proposed Sale Order from the Lawsuit Plaintiffs with respect to the relevant language.  However, the Debtor did incorporate comments provided by the Committee, of which Lantych was a member.

9.      On August 4, 2025, the Debtor filed the *Notice of Cancellation of Auction and Designation of Stalking Horse Bidder as the Purchaser* [Docket No. 242] (the "Auction Notice"), which notified parties that the Auction would be cancelled and that the Debtor did not receive any Qualified Bids other than the Qualified Bid submitted by the Stalking Horse Bidder.

10.     On August 7, 2025, the Debtor filed the *Debtor's Motion Seeking Entry of an Order Approving a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 105(a) and Granting Related Relief* [Docket No. 249] (the "9019 Motion"), which sought approval of a global settlement with the Debtor's lenders, the Purchaser, and the Committee (the "Global Settlement").  After the global settlement was reached with the Committee, and specifically, on August 7, 2025, Lantych resigned from the Committee.

11.     On August 8, 2025, the Court held the Sale Hearing, approved the Sale, and authorized the Debtor to enter into the Stalking Horse Asset Purchase Agreement.  Counsel for the Lawsuit Plaintiffs appeared but did not raise any issues with, or objections to, the Sale or Sale Order.

10016119

12.      On August 11, 2025, the Court entered the *Order (A) Authorizing the Debtor to Enter Into an Asset Purchase Agreement, (B) Approving the Asset Purchase Agreement, and (C) Authorizing the Assumption and Assignment of the Assumed Contracts* [Docket No. 279].

13.      The Sale Order provides that the Purchaser is a "good faith purchaser" entitled to the full benefits and protections of section 363(m):

> The Purchaser is a good faith purchaser of the Purchased Assets set forth in the Asset Purchase Agreement and is hereby granted and entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, neither the reversal nor modification on appeal of this Sale Order under section 363(b) or (c) of the Bankruptcy Code shall affect the validity of the sale of the Purchased Assets under this Sale Order to the Purchaser, which purchased the Purchased Assets in good faith, whether or not the Purchaser knew of the pendency of the appeal unless this Sale Order and the sale of the Purchased Assets were stayed pending appeal prior to Closing.

Sale Order § 6.

14.      On September 4, 2025, the Debtor filed the *Notice of Non-Material Modifications to First Amended Plan of Liquidation* [Docket No. 302] (the "Non-Material Modification Notice"), which noticed parties of modifications to the Plan, adding in a new subsection 2 to Article IV.B to have the Sale effectuated pursuant to Bankruptcy Code sections 1123(a)(5) and 1123(b), superseding the Court's prior authorization of the Sale Transaction pursuant to Bankruptcy Code Section 363.  Article IV.B was also modified to provide that all other provisions of the Sale Order approved by the Bankruptcy Court and not otherwise superseded by the terms of the Confirmation Order or the Plan shall be deemed incorporated into the Plan.

15.      On September 5, 2025, the Lawsuit Plaintiffs filed the *Lawsuit Plaintiffs' Objection to Confirmation of the Plan of Liquidation Proposed by Flagship Resort Development Corporation* [Docket No. 307] (the "Confirmation Objection").  The Confirmation Objection did not include

10016119

any evidence, certification of any facts, or witness testimony in support of the Lawsuit Plaintiffs'

positions. Additionally, none of the issues now raised in the instant Motion were raised by the

Lawsuit Plaintiffs in their Confirmation Objection.

16.     On September 12, 2025, the Court held a hearing on final approval of the Disclosure

Statement and confirmation of the Plan. The Lawsuit Plaintiffs did not take testimony or cross-

examine the Debtor's witnesses.

17.     On September 18, 2025, the Court issued an oral ruling overruling the Lawsuit

Plaintiffs' Confirmation Objection, certain of the objections raised by the U.S. Trustee, and also

sustaining certain objections raised by the U.S. Trustee.

18.     On October 2, 2025, the Court entered the Confirmation Order [Docket No. 345].

The Confirmation Order sets forth findings of fact and conclusions of law that the Debtor proposed

the Plan in good faith (Confirmation Order at §§ K, Q), that all documents and agreements

necessary to implement the Plan were negotiated in good faith (*Id.*, § GG), and that the Debtor will

be acting in good faith under section 1125(e) of the Bankruptcy Code when it proceeds to

consummate the Plan (*Id.*, § HH).

19.     The Lawsuit Plaintiffs' Motion seeks to revisit the Sale Order to "clarify" or

"consider" the impact of 363(o) of the Bankruptcy Code.[5]

20.     The Lawsuit Plaintiffs state they are seeking an "express clarification" of their

rights under the Sale Order. What they really are requesting is for the Court to revisit a final, non-

---

5 Bankruptcy Code section 363(o) provides that: "Notwithstanding subsection (f), if a person purchases
any interest in a consumer credit transaction that is subject to the Truth in Lending Act … then such person
shall remain subject to all claims and defenses that are related to such consumer credit transaction or such
consumer credit contract, to the same extent as such person would be subject to such claims and defenses
of the consumer had such interest been purchased at a sale not under this section."

10016119

appealable order long after their rights to appeal or file a motion to reconsider have expired.

Consequently, the Motion should be denied.

## ARGUMENT

### I.    The Lawsuit Plaintiffs are Out of Time Under Bankruptcy Rule 9023.

21.    The Motion is demonstrably untimely under Bankruptcy Rule 9023. Bankruptcy

Rule 9023 applies Federal Rule 59 to bankruptcy proceedings, and thus provides that a motion for

reconsideration must be filed within 14 days after a judgment is entered. Fed. R. Bankr. P. 9023.

Notably, the 30-day time period for filing an appeal under Federal Rule of Appellate Procedure

4(a) has also expired. Here, the Sale Order was entered on August 11, 2025, more than 60 days

prior to the filing of the Motion, which necessarily forecloses the filing of a motion for

reconsideration under Federal Rule 59 and also forecloses any appeal.

### II.    The Lawsuit Plaintiffs Cannot Move Under Bankruptcy Rule 9024.

22.    The Lawsuit Plaintiffs, unable to avail themselves of Bankruptcy Rule 9023,

attempt to circumvent this by seeking relief pursuant to Bankruptcy Rule 9024. However, they do

not satisfy the standard for relief. Bankruptcy Rule 9024 applies Federal Rule 60 to bankruptcy

cases and provides grounds for relief from a final judgment or order for certain reasons, including

"mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief."

*See* Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024. While motions for reconsideration under Rules

59(e) and 60(b) may serve a similar purpose, they have distinct standards because "Rule 60(b) is

not a substitute for appeal and relief thereunder may only be provided in extraordinary

circumstances." *In re Jersey Integrated Healthpractice, Inc.*, No. 01-36612, 2007 WL 1725278,

at *2 (Bankr. D.N.J. June 12, 2007), *aff'd sub nom. In the Matter of Jersey Integrated Health-

Prac., Inc.*, No. CIV.07-3795(SRC), 2008 WL 305739 (D.N.J. Jan. 30, 2008).

10016119

23.     A motion pursuant to Federal Rule 60(b)(1) must rely on one of the enumerated

grounds for reconsideration set forth in the Federal Rule.  The Lawsuit Plaintiffs argue that relief

is warranted pursuant to Federal Rule 60(b)(1) on the grounds of "mistake."  Motion, at ¶ 47.  In

paragraph 7, the Lawsuit Plaintiffs allege that their ground for seeking relief is that there was a

mistake by the Court.

24.     While the ordinary meaning of "mistake" in Federal Rule 60(b)(1) may include a

judge's legal errors, *Kemp v. United States*, 596 U.S. 528, 534 (2022), courts have found that Rule

60(b) "is not an appropriate vehicle for addressing simple legal error; otherwise, a party could

circumvent the ordinary time limitation for filing a notice of appeal."  *Russell v. Delco Remy Div.*

*of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); *see also United States v. Fiorelli*, 337 F.3d

282, 288 (3d Cir. 2003) ("a Rule 60(b) motion may not be used as a substitute for an appeal, and

that legal error, without more does not warrant relief under that provision.") (quotations omitted).

25.     The Supreme Court has acknowledged that "Courts of Appeals have used [Rule

60(b)] to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should

have been raised sooner (*e.g*., in a timely appeal)."  *Kemp*, 596 U.S. at 538.  In other words, Federal

Rule 60 must <u>not</u> be interpreted to give parties who have failed to timely act an avenue for

reconsideration of final judgments that otherwise should have been appealed.

26.     In the Third Circuit, courts have expressly held that a Federal Rule 60(b)(1) motion

may be made on the basis of legal error *only* where the motion is made before the time to appeal

has expired.  *See Jersey Integrated*, 2007 WL 1725278 at *2 (holding that precedential case law

"could be read to allow for the possibility that legal error could be addressed under Rule 60(b)(1)

if a motion is made before the time for appeal has run" and holding that where movant did not

appeal the order at issue and the time to appeal has run, a Rule 60(b)(1) motion is misplaced); *see*

*also James v. Virgin Islands Water & Power Auth.*, 119 F. App'x 397, 401 (3d Cir. 2005) (denying

a Rule 60(b)(1) motion that was filed well after the period to appeal had been run, noting that rule

60(b) cannot be used as a substitute for an appeal and "legal error, without more does not warrant

relief under [60(b)(1)]").

27.     The Lawsuit Plaintiffs did not object to the Bid Procedures Motion filed on May

12, 2025 [Docket No. 13], the same day that their counsel appeared in the case [Docket No. 26],

with another notice of appearance filed the next day [Docket No. 30].  They did not raise concerns

regarding the Proposed Sale Order filed on June 30, 2025 [Docket No. 171].  They raised no

objections at the August 8, 2025 hearing to consider approval of the Sale.  And despite filing

objections to Plan confirmation [Docket No. 307], they did not raise objections to the Sale

Transaction in connection with that objection.  The Lawsuit Plaintiffs received notice throughout

these proceedings, were represented by counsel, and were active participants (with certain of the

Lawsuit Plaintiffs having served on the Committee).

28.     The time to appeal the Sale Order—an Order the Litigation Plaintiffs did not object

to—has expired.  That deadline expired on September 10, 2025, five days after the Litigation

Plaintiffs filed a separate objection to confirmation of the Plan [Docket No. 307, filed September

5, 2025].  Therefore, and pursuant to the rule articulated in *Jersey Integrated* and *James* addressed

in Paragraph 26, above, such that an alleged legal error or mistake cannot form the basis of a Rule

60(b)(1) motion, unless the 60(b)(1) motion is filed <u>before</u> the time for appeal has expired, this

Court must deny the Lawsuit Plaintiffs effort to obtain relief under Federal Rule 60(b)(1) on

grounds of mistake.

### III.   The Lawsuit Plaintiffs Cannot Move Under Federal Rule 60(b)(6).

29.     Bankruptcy courts can otherwise grant a motion to reconsider in the "interest of

justice." Fed. R. Civ. P. 60(b)(6).  Courts have held that this option is only available where the

10016119

other subsections of 60(b) do not apply, but even then "extraordinary circumstances must justify reopening." *Kemp*, 596 U.S. at 533; *see also Jersey Integrated*, 2007 WL 1725278, at *3 ("[T]his court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."). Similar to Rule 60(b)(1), legal error alone is not sufficient to satisfy the standard under Rule 60(b)(6) as legal error is an issue that can be corrected on an appeal. *Allen v. Wydner*, 2008 WL 2412970, at *5 (E.D. Pa. June 10, 2008).

30.     Extraordinary circumstances are only present where "without such relief, an extreme and unexpected hardship will occur." *Ibarra v. W.Q.S.U. Radio Broadcast Org.*, 218 Fed. Appx. 169 (3d Cir. 2007) (*citing Sawka v. Healtheast*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b)(6) motions are rarely, if ever, granted." *Urb. Outfitters, Inc. v. BCBG Max Azria Grp., Inc.*, 2008 WL 282742, at *12 (E.D. Pa. Jan. 31, 2008), *aff'd in part, vacated in part*, 318 F. App'x 146 (3d Cir. 2009). In one example of "extraordinary circumstances," a court granted a rule 60(b)(6) motion and reopened litigation because a party repudiated a settlement agreement that had terminated that very litigation. *See Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). In another case, where the movant was in jail, ill, and without a lawyer in a denaturalization proceeding, the Supreme Court found that extraordinary circumstances were present to grant a rule 60(b)(6) motion. *Klapprott v. United States*, 335 U.S. 601, 613-614 (1949). The following year, the Supreme Court ruled that where a movant declined to appeal a denaturalization judgment, extraordinary circumstances were *not* present. *Ackermann v. United States*, 340 U.S. 193, 207 (1950). There, the Supreme Court found that the different rulings showcased "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable

10016119

negligence." *Ackermann*, 340 U.S. at 202. "In a vast majority of the cases finding that extraordinary circumstances do exist . . . the movant is completely without fault for his or her predicament." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025) (citing 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, Moore's Federal Practice § 60.48[3][b], p. 60–188 (3d ed. 2024)).

31.     The Lawsuit Plaintiffs cannot set forth "extraordinary circumstances" that justify granting a motion for reconsideration under Federal Rule 60(b)(6). The failure to include or clarify language in an order after letting the time to appeal lapse does not justify relief under Federal Rule 60(b)(6). The Lawsuit Plaintiffs had the choice to act, and did not. Accordingly, this Court should deny the Motion.

## IV.     The Sale Order is Entitled to Preclusive Effect.

32.     The Sale Order is entitled to res judicata effect. Courts in the Third Circuit have acknowledged that the nature of bankruptcy proceedings can make application of res judicata difficult, and therefore have found that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." *In re Mariner Post-Acute Network, Inc.*, 267 B.R. 46, 53–54 (Bankr. D. Del. 2001). Along those same lines, a motion for reconsideration cannot be used as an opportunity to reargue facts and theories or as an opportunity for presenting new arguments or theories. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018) ("Motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.")

10016119

33.     Here, the matters raised in the Motion were clearly within the scope of the Sale

Order's approval and should have been asserted at that time; in other words, it is unreasonable of

the Litigation Plaintiffs to seek relief at the present juncture instead of at the time of approval of

the Sale Order.  The Motion instead asks the Court to reevaluate whether the Debtor has satisfied

section 363 of the Bankruptcy Code.  "The purpose of res judicata is to require that parties to a

suit bring all claims related to that suit at once so that the court is not required to litigate the same

or related issues more than once."  *Id*. at 53.  Permitting parties to revisit final orders under the

guise of clarification because they later come to the realization that there is an issue they should

have raised would render the doctrine of res judicata meaningless.

34.     Moreover, the Lawsuit Plaintiffs should be equitably estopped as the Motion

presents new arguments that could have been raised earlier.   The Lawsuit Plaintiffs had

opportunities to raise these issues at *any point* throughout the bankruptcy case, including, but not

limited to, (1) at the Bid Procedures Hearing, (2) after the filing of the Proposed Sale Order, (3) at

the Sale Hearing, and (4) prior to the Confirmation Hearing.  The Lawsuit Plaintiffs were active

participants in the case and were provided sufficient notice of the terms of the Sale Order and the

Plan.  Accordingly, the Sale Order, including its findings of fact and conclusions of law, are entitled

to preclusive effect and the Lawsuit Plaintiffs should be estopped from raising new arguments

related thereto.

### V.    The Motion Inappropriately Seeks an Advisory Opinion.

35.    Finally, the Motion should be denied because the Lawsuit Plaintiffs seek to revisit the Sale Order in isolation without presenting a ripe controversy or a procedural basis for reconsideration.  Only the *Palmer* plaintiffs hold a prepetition judgment, and that judgment is fully bonded with cash collateral.  Neither the *Castellano* or *Lantych* plaintiffs hold judgments and therefore they are not in a position to collect either.  Therefore, none of the Litigation Plaintiffs have presented a live dispute before the Court, and the movant raises hypothetical concerns as to how the Sale Order and Section 363(o) of the  Bankruptcy Code may or may not be interpreted or applied in the future.

36.    The Motion is, in substance, a request for an advisory opinion from this Court.  *See Tera II, LLC v. Rice Drilling D, LLC*, 2024 WL 231456, at *2 (S.D. Ohio Jan. 22, 2024) (noting that a motion that does not present a court with a dispute that calls for an adjudication of a present right upon established facts is a prohibited advisory opinion).  But Federal courts do not issue advisory opinions.  "Federal courts have no jurisdiction to render advisory opinions.  Put another way, they may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts."  *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (quotations omitted).  The Lawsuit Plaintiffs have not identified any specific claims, legal theories, or factual circumstances at present under which their rights are impaired.  Abstract fears or hypothetical injuries do not present a live issue that requires the Court to revisit a final order.

37.    Any future controversy—whether before this Court or elsewhere—will be governed by the Sale Order, Plan, Confirmation Order, and the totality of circumstances presented.

10016119

For now, the Motion is premature, procedurally flawed, and does not present any issue ripe for

adjudication.  It should be denied.

## **CONCLUSION**

For the foregoing reasons, the Lawsuit Plaintiffs' Motion must be denied.  The Sale Order

is a final, non-appealable order..  The attempt to "clarify" Section 363(o) of the Bankruptcy Code

without having raised a prior objection or pursued a timely appeal violates the principles of finality,

equity, and judicial economy.  Accordingly, the Court should deny the Motion.


Dated: October 6, 2025                          Respectfully submitted,
                                                **PORZIO, BROMBERG & NEWMAN, P.C.**

                                                By: */s/ Warren J. Martin Jr.*
                                                    Warren J. Martin Jr., Esq.
                                                    Rachel A. Parisi, Esq.
                                                    Christopher P. Mazza, Esq.
                                                    100 Southgate Parkway
                                                    Morristown, NJ 07962-1997
                                                    (973) 538-4006
                                                    wjmartin@pbnlaw.com
                                                    raparisi@pbnlaw.com
                                                    cpmazza@pbnlaw.com

                                                    *Counsel to the Debtor and Debtor-in-Possession, Flagship Resort Development Corporation*

10016119